Your Honor, this case on document 2-16-0539 is all known to the plaintiff's accountant, the Village of Round Lake Beach, another one of the municipal proclamations, the defendant at the lead. Arguing along the death of the defendant's accountant, Mr. Bruce A. Slivnik. Arguing along the death of the defendant at the lead, Mr. Scott Puma. Good morning, counsel, and those in attendance. Mr. Slivnik, if you are ready. I am, Your Honor. Thank you. Thank you. Good morning, Your Honors. May it please the Court, Bruce A. Slivnik on behalf of the Plaintiff Appellant Val Youngberg. The key to this case is whether the Village of Round Lake Beach has exceeded its authority in enacting an ordinance that requires automotive vehicles that are parked on private property, on the private property of the individual, to have a valid state registration. That's critical as opposed to a municipal registration that the Village would be entitled to require as well. Now, there is no factual dispute in this case. We've got, my client had two vehicles on, in part, in his driveway without valid state registration. It was on his own private property. Now, in the Village's brief, it places its primary emphasis on its authority to abate nuisances. They talk about preventing a future nuisance, not abating a current nuisance. Right, but it's authority relative to nuisances. Doesn't the municipality have an interest in regulating storage of unregistered vehicles on private property to abate or prevent a health risk, and thereby preventing a nuisance? Well, I would say that the municipality has a right, but not, I don't think it relates to the registration. I think that if we were dealing with a vehicle that could not be operated at all, I think it would, but not relative to something that's just dealing with the sticker itself. Well, if it's not registered, it can't really move from that property, can it? Well, it can. Under cover of darkness so it's not seen, I mean, yes, anything can happen, but the point is, if it's not registered, it should not be operating on state or township or local highways, correct? That I agree with, except if it were, perhaps it could be moved if there was to a structure, or if it did actually get moved onto the street, yes, it would be, you know, to just be parking on the street, say perhaps to clean up a puddle or something of that nature. I think that while it would be operating for perhaps a second or two, you know, to hit that parking spot, but you can get rid of the, you could get rid of any puddle of water that would be created. Yeah, technically, I suppose it could be violating state law for, you know, for a few seconds while it's parked and then when it's moved back. I suspect that that would be the case, but if it is not seen, I don't know if that would be ticketed or not. What specific state statute limits or denies a home rule unit from regulating the storage of unregistered vehicles on private property? I don't think there is a state statute that prevents the registration. I think that what is really, what I'm really arguing about is that the mere fact that you have a sticker or not on the license plate is not a nuisance. The Supreme Court has said, yes, while municipalities can regulate nuisances, you cannot declare something a nuisance, which is not a nuisance. Well, they don't declare it a nuisance. And you agree we have to liberally construe the statute in favor of its constitutionality. Would you agree? Absolutely. And the village puts forward the argument that, you know, keeping unregistered vehicles on private property can lead to eyesore, to an eyesore in the community, to rodents collecting other health risks. But... Is that an illogical or unreasonable approach from a legislative standpoint? Yeah, I do believe it is, Your Honor, in one respect. If the village were to say, see, the only thing that we're dealing with here is the state sticker itself. That's it. And there is nothing that would prevent, under the village's ordinance, if I had a duly registered vehicle in my driveway and I never, ever, ever moved it, it would not be in any way, shape, or form in violation of the ordinance, but it would be the same problem. You would not have... You know, it could create that same puddle of water that might attract the vermin and the rodents. It would be the same eyesore. No difference. I have a right to say, I'm leaving my car in my driveway. I'm never moving it. And how many people actually do that? A lot. There's not that many people... I know a lot of people do it. I can tell you that my client's perspective on this was these were merely emergency vehicles. They were never to be used except under circumstances of an emergency. So they were never planned to be moved. So... But there are ordinances, maybe not in Round Lake Beach, but we've seen other ordinances that do prevent licensed registered vehicles from being parked over lengthy periods of time. There also are ordinances that we have seen that prevent licensed registered work vehicles from being stored on open private land, all under either statutory authority, police power, or some sort of a home rule power. So the fact that Round Lake Beach may not have that particular type of an ordinance really isn't relevant here, is it? Oh, I don't think that that is exactly relevant, Your Honor. I'm not so sure that perhaps an ordinance that would say no car at all can be parked on a driveway, I think I would have less of an argument than this. My argument basically is that the mere existence of this sticker does not make something a nuisance or not a nuisance. So it's sort of like... I cited in my reply brief the case of the city of Chicago versus Saks. And in that case what we had was the city of Chicago, now I understand that that was a zoning ordinance, but it said that we did not want any kind of elementary school or something of that nature in this area in Rogers Park in the city. And they said, well, a university could be there. The court said, the first district said, a university could be there or an elementary school could be there, but a preschool could not. And they said that did not make sense because you are not getting rid of the problem that you were trying to see. And that is what I'm dealing with here. I think that they could say, potentially, you can't have any vehicle, but this does not do what it aims to do. Well, the ordinance, as I read it, says, it shall be unlawful to store any vehicle. We're not talking about parking a vehicle for a day, a month, or a year. We're talking about storing. So we have to look at what they contemplate as storing as opposed to parking, correct? And there is a difference between parking and storing. Yeah, I suspect that there is, except for the fact that I don't think that that is defined. And storing, I think, would be more of a thing on a permanent nature. I think that if my client, at any particular point in time, could have gotten the registration and he's no longer storing it, yeah, he's keeping it there, but I think it is more akin to parking. I think storage is more of a permanent thing and really more for an inoperable vehicle. But you did say that your client never intended to move these vehicles but for. At this point in time. At this point in time. But he has the, it is within his discretion as to when, that could be changeable at any moment. It was just at any particular moment in time that that was his intention. Were these vehicles even operable? Yes, absolutely operable. And if they're never moved, how do they stay operable? I suppose he starts them every now and again just to make sure that they start. But they are operable. How does this ordinance interfere with any vital state policy? The vital state policy, well, I think in terms of, it contradicts the Illinois statutes as to what is inoperable. It also contradicts the Illinois statutes as to what is allowable or not allowable. My question is not with whether it contradicts. How does it interfere with the execution of any vital state policy or any state law? It seems to be compatible with the state law. Because if the village is prohibiting the parking of unregistered vehicles, it would encourage homeowners or vehicle owners to go ahead and get their state registration, wouldn't it? It would be compatible, not incompatible. Yeah, except I think it's a matter, I think that that's a matter for the legislature to decide in terms of the state registration. And I think that the state registration, and now we're kind of getting into the home rule argument here, Your Honor, in my opinion, that the threefold question in terms of 6A of Article 7, whether the problem is a statewide rather than local dimension, and what you're looking at is, well, which unit of local government has the most vital interest? Well, the most vital interest in terms of a state registration itself is clearly the state of Illinois. And the role traditionally played by the local versus the state authorities in this area, we're dealing with the Secretary of State is the traditional place where you get the state registration. So I think in terms of 6A, it is vital that the state set the policy as to what is allowable in terms of inoperable vehicles or not. The state does not in any way, shape, or form prevent me. I mean, where I personally live, and I don't know if the county has an ordinance or not, but if I were on, I could park my personal vehicle in my driveway, never move it, not have it registered, and it's okay. Because all, as a matter of fact, in my personal area, I could even drive it around my area because it's not a public highway or street, they're private roads. So the only thing that the state prohibits is I can't drive it on a state road, on a non-private road. So the state for some reason has created the policy and said, well, we're just not allowing the operation of vehicles. Doesn't say you cannot own a vehicle that is not registered, it's just that you can't operate it. And in 3- But how does this ordinance in any way conflict with that? It does not, but it restricts it. It goes beyond what the state prohibits. The Home Rule power allows them to do that. I understand that, except- I mean, coming back, we're doing circles here. You're correct. The Home Rule power does allow them to do it as long as it's within their government and affairs. And that's why I made the argument that the Home Rule power exceeds that, because it's not within their government and affairs to say what state registration. I think it would be within their right to say, you know what? You've got to have a municipal registration. Same thing. That, I think that they could prohibit my client from doing that. No question. But we're dealing with the state registration, and their state law trumps. Because, again, it's got to be within their local government and affairs. I think Home Rule does play a part, but the question then becomes, is it within 6A? And now you go to that two-part, that old three-part test under Schillerstrom, and now the two-part test under Stubhoff and Pond, which is, does this- Thank you, Your Honor. Well, you may finish your thought. Does this come within the government- The local affairs. Right. Exactly. The local government and affairs. Thank you, Your Honor. You'll have an opportunity for a reply if you so choose. Thank you. Thank you. Mr. Puma. Thank you, Ms. Gordon. My name is Scott Puma. This is Megan Mack. We represent the village of Round Lake Beach. And we think that the village's Home Rule power in this instance gives it the express authority to enact this type of an ordinance. The ordinance that the defendant was cited with, 5107, prohibits the storage of vehicles upon private land unless the vehicle is duly registered for operation on the road. This was a policy decision made by the village board years ago. They have another section that deals with evading nuisances and inoperable vehicles that we've cited in our brief, where we've adopted the Illinois Property Maintenance Code, a national code that just about every municipality in the state has adopted. The Illinois Municipal Code gives municipalities, all municipalities, express authority to adopt that. He was cited with 5107. So that's what we want to focus on. 5107 in our Home Rule power is under 6A of the Constitution. Is there a definition of storage? We have a lot of conversation about storage and parking and parking and not storage. What does it mean to store a vehicle? To store a vehicle is akin to parking the vehicle and leaving the vehicle on the property. It can't be operated, as Your Honor pointed out, can't be operated lawfully on the roadway, so it's being stored there. We don't have a time, there's no temporal definition of storage as opposed to parking. Under the International Code, and perhaps that would be a better citation, references storage, parking, and keeping of the unregistered vehicles. This only talks about storage. I don't believe that there is a definition that says storage is X, unfortunately. But I think when you can't operate it on a vehicle, we can use the common, what we know and what we would commonly think, parking a vehicle unregistered, it can't move. And that's what the problem is. It can become the nuisance, as we addressed previously and as Your Honor said, inquired upon. So we have this situation where we have two unregistered vehicles in the driveway. And that's something that the village has decided that it doesn't want. That sticker is just an indicator of whether that vehicle can be moved or whether it's going to be stored there. What about counsel's argument that he seems to concede that the ordinance would be fine if it prohibited the parking or storage of a vehicle that did not have a village sticker? What about that argument? I've thought about that too. That's a little bit more difficult to see in all candor from the roadway. If people pull their car in, they can hide that. You can see the license plate. I'd say 95 percent of the time, people just pull it straight in. We have, obviously, warrantless seizure or warrantless search issues. So we can see the front sticker. So police officers would be, under recent Supreme Court precedent, they would be prohibited from walking onto curtilage just to look inside the windshield. Is that what you're saying? I think we would have a hard time with that. I wouldn't advise my clients to allow their inspectors to go into property and check for the municipal sticker if it's on the front. Could you also address the reference to SACs in the reply brief? The SACs case is... That's an as-applied challenge, not a facial challenge, correct? Yes. And I think that the attack on the zoning is a little bit different than this, which comes under the property maintenance code of the village. The zoning has an entirely different constitutional bent or constitutional analysis than, and especially in 1952, I believe is when that case was decided as today. The Home Rule powers in the 1970 Constitution give us this right. And I think that the as-applied challenge is a little bit different than here because it's how does the law impact this particular property in that neighborhood as opposed to a facial challenge that the entire ordinance is invalid, which is what the plaintiff is arguing here, what Mr. Youngberg is arguing here, is that the entire ordinance is unconstitutional as applied to this property. So I think having that distinction is relevant, and then we have to look at the 1970 Constitution and how that plays into our right to do this, and subsequent case law since that time. We have several cases that have been reported on parking of campers, boats. Living in a municipality, you have to deal with things there. There's a sport ordinances that require you to put your trash cans in your garage or around the back and not leave them out front. They require you to put your garbage out by 7 a.m., not before 7 a.m. in the morning in some towns or 7 p.m., and to remove them at night. Those are the kind of things that we deal with when we move into a municipality. We're governed by them. There's municipal ordinances prohibiting trucks with plates higher than B plates, and the B plate is the state regulation. So we're looking at the aesthetics of the village. The village is the best unit of government to look at that. If the state wanted to preempt this, which I can't imagine how they would do it, if in the vehicle code say, oh, yeah, you can't have an ordinance that prohibits this because we have a state registration, we're not trying to co-regulate with them. What about the fact that if this vehicle or these vehicles actually were registered on an annual basis, they could be stored there, what's the difference? I mean, they're still collecting dust. There's still water under the vent when it rains. There's still the possibility in the winter that mice might want to move in and find a warmer spot to live. I mean, what's the difference? Well, then we'd look at a different ordinance that I referenced, 8118, which is are they really being stored, and then we have to do some more work. We're going to have to see if those vehicles are being moved if we're going to try and improve our case. These vehicles haven't moved for X amount of time, so now they're being stored. And I think practically speaking, most people that are registering their vehicles are driving their vehicles, that they're not permanently storing them. And that's what we have to look at is the real practicality of this ordinance and the enactment, the municipal enactment. And I think Counselor's correct. He could have set his car there. If they had just registered them, they would have stayed there, and then it would be up to us to decide were they being stored over time. What you're saying is there's other avenues to go after that problem. It could be some other form of nuisance could be created. Correct. And you're not even talking about enforcing this ordinance. Some other ordinance could be applied, or a common law nuisance action could be made. Exactly. And that's not just under this ordinance is what I'm enforcing. This is a preventative measure. This is a preventative ordinance in the parking. If there was something else, look at that. We haven't, to my knowledge, done that in this village, though I don't really get involved in these things that often. But I don't think that we've looked at that per se and that somebody has a registered vehicle. I think there's kind of a presumption if you're going to pay the $120 now to the state of Illinois, you're going to operate your vehicle. So that's why we think that there are other things that we could look at. This is a simple issue under our municipal authority, under both the vehicle code and the Constitution, that we have it. And if you look at all of your other code provisions, and we've talked about some of them here, essentially this is an aesthetic type of an ordinance, that we want things to look nice within the village of Round Lake Beach. We want things to appear appropriate for newcomers, for visitors, whatever the case may be. And, yes, it is an aesthetic issue. We're not going to have nine cars parked in the driveway because they can all fit there. We have an ordinance that prohibits not parking on an approved surface. We require asphalt, gravel, no gravel, asphalt, concrete, or permeable pavers. So those are the kind of things, and that's been updated, to keep cars so we don't have situations where people are creating either just kind of de facto storage yards, junk yards, their car breaks down and they don't have the money to fix it. And we're not saying that this was inoperable, but we're trying to keep the aesthetics up. We have an ordinance prohibiting people from leaving their Christmas lights up all year. Common provision in municipalities. Boats can be stored in a lot of municipalities from April to September, and that's it. And those are the kind of things that we're trying to govern. This court has seen cases with campers that they can't be stored in the front yard. They need to be stored on a pad on the side yard or the rear yard. Those are the kind of things that we're trying to deal with in the municipality and dealing with a purely local issue with a municipality that came into existence after when people were moving out of Chicago in the 1930s. It was established in 1937. A lot of small lots, a lot of cottage lots around the lake and in the wetland areas where there are creeks. And so we have small lots, and we're trying to address the issue. It's purely local to this municipality, and we have the right under the Constitution to legislate in this way. So I think I don't want to belabor the point, and just in conclusion, unless there's other questions, there was fines for this. We asked that the court uphold the fines and uphold the trial court, which sustained the fine. Thank you, counsel. Mr. Slibnick? Thank you. May I have a second on this? Good morning again, Your Honors, and may it please the Court. Justice Burke, I'd like to address one of the questions that you have, which is that the ordinance doesn't prevent storage of vehicles itself as long as they are registered. Okay? You asked, Your Honors had asked, well, what about, you asked the question of storage, and storage is not defined in the ordinance. And you asked the question again in terms of the license plate. In Illinois, the only place you have the sticker is on the back license plate. If the cars are facing away from the street, they're not going to see that sticker. They would see the municipal sticker because oftentimes that is on the windshield. You can see that from the street because the windshield is facing forward. But in order to see that the back license plate is not there, that the sticker is not there, they have to come on the property because it's not facing towards the street. And unless you are on perhaps a corner, they're not going to see that. And that sticker is like yay big. You're not going to be able to see that it's 17 or 18 or 16 or 15. They have to come on to the property to see it. And the kind of... Well, that would pose a different issue than enforcing the constitutionality of the ordinance. I just asked that question because, and counsel responded, it's for convenience for enforcement purposes. You don't want police officers traipsing on to the curtilage to check for the municipal sticker when they can just drive down the street and look and see if you have the state registration. But they can't see that from the street. They can't see what? They cannot see the... What I'm saying is they can't see the state registration from the street. They could see more likely to see a municipal registration on the windshield because the windshield will be facing the street. Not... You're talking about your hypothetical situation is where someone backs in as opposed to pulling in. Correct, correct, correct. Does that have to do with your argument that the ordinance is unconstitutional? But what it has to do with merely is just the fact that the existence of the sticker itself not creating the nuisance. And I'm saying that that's a red herring in terms of their ability to see it. I don't think that the size of that sticker, I think, precludes that argument. I think that, I mean, I do believe that it is much easier to see the larger sticker. So maybe they should amend the ordinance and include both. You have to have both. Absolutely. Or to say that you cannot park at all. Does the fact that the ordinance is uninclusive make it unconstitutional? In this case, yes. Why? Because I think that it makes it unconstitutional because you are not accomplishing the need, what you are trying to accomplish. I think that the ordinance itself has got to actually stop what you are trying to accomplish. And I think that if they were to say nobody can park a vehicle at all. See, storage, I think your Honor's question about the definition of storage is also critical. Because there is no, there is, the storage itself means that it can't be operated. I don't think there is no other ordinance that I've looked at. I've looked at the other ordinances dealing with motor vehicles in Round Lake. They don't have something that prevents mere just keeping a registered vehicle on the property. Should they, is it under-inclusive? Yeah, it's under-inclusive because they don't want to say, well, nobody can park in a driveway. But that's what they are trying to accomplish. But I think counsel said that there are other ordinances within the packet of ordinances. Some deal with nuisance. They are not saying it's a nuisance. It's just saying it's there. Some deal with the type of vehicle. Some deal with other issues about a vehicle. Those can also be used, but this is an aesthetic issue. And I have not seen that. I looked through the ordinances and I did not see anything that says anything about, if the car were registered, it can be on the property for whatever amount of time without problems. I think that that's what the problem is. It's just dealing with the state registry. You're not arguing vagueness, correct? No, I'm not arguing vagueness. What's your problem with the use of the term store or storage? I don't have a problem with the use of the term storage. That's not your honor asked the question about storage. To me, parking storage is pretty similar. I'm not arguing vagueness at all. Thank you, your honor. Thank you. Thank you. All right, thank you, counsel. We will issue a decision in due course. We're going to take a short recess to prepare for our next hearing.